DEPARTMENT OF HUMAN SERVICES
o/b/o Sandra McDONALD

v.

Joseph R. BRENNICK, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 3, 1991.
Decided Oct. 7, 1991.

Edward S. David, Cloutier, Joyce, Dumas & David, Livermore Falls, for plaintiff.

Raymond E. Ritchie, Asst. Atty. Gen., Dept. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Joseph R. Brennick, Jr., appeals from a judgment of the Superior Court (Franklin County, *Delahanty, C.J.*) affirm-

ing the judgment of the District Court (Farmington, *Westcott, J.*) awarding Sandra McDonald $5200 as reimbursement for the support of the minor child of the parties. Contrary to Brennick's contentions, a judgment establishing paternity and providing for the future support of a minor child pursuant to 19 M.R.S.A. § 214 (Supp. 1990) does not obviate the right of the mother or the Department of Human Services to seek reimbursement for the past support of that child as provided by 19 M.R.S.A. §§ 271–73 (1981 & Supp.1990). Accordingly, we affirm the judgment.

The child of the parties was born on November 17, 1970 and supported by McDonald without assistance of any kind from Brennick. By November 20, 1987 the child had moved from her mother's residence and was living independently. Brennick filed suit in the District Court to establish his paternity under 19 M.R.S.A. § 214. The court entered a judgment establishing Brennick's paternity of the child and ordering him to make future support payments directly to the child. Between the commencement and the entry of a judgment in the paternity action, the present action was filed on behalf of McDonald seeking reimbursement for the support of the parties' minor child. The District Court entered a judgment ordering Brennick to reimburse McDonald for the necessary support expenditures on behalf of their child during the six-year period immediately preceding the commencement of Brennick's action to establish his paternity of the child.[1]

 Asserting the similarity of subject matter in the two actions, Brennick argues that the judgments are duplicative. They are not. The common law imposed no legal duty on the putative father of an illegitimate child either to support the child or to assist the mother with such support. *Thut v. Grant,* 281 A.2d 1, 3 (Me.1971). The mother's right to assistance was legislatively created in 1821. *Id.; see* P.L.1821, ch. 72. The child's right to a direct action for support against the father originated with the adoption of the Uniform Act on Paternity. *Thut v. Grant,* 281 A.2d at 6; *see* P.L.1967, ch. 325, § 2. Thus, when paternity is adjudicated, the respective rights of the parties are determined by statute. The relief provided by section 214 as it relates to child support is prospective in nature.[2] The District Court was without authority in the context of the paternity action to address the issue of Brennick's liability for past expenditures made by McDonald toward the necessary support of the child.

McDonald brought her separate action under sections 271–273, which provide, once the paternity of a child has been established, for the prospective enforcement of a father's support obligations concerning a broad range of potential expenses,[3] and reimbursement for past expenditures related to education and necessary support. *Supra* note 1. Because the child's ongoing support was already provided for in the existing court order, McDonald sought only the reimbursement to which she was entitled under section 273. There is no duplication in the judgments rendered by the District Court. Sections 271–273 were applied in a manner that is procedurally and remedially correct as to the facts of this case.

 Brennick also contends that McDonald either waived or should be estopped

1. "The father's liabilities for past education and necessary support are limited to a period of 6 years next preceding the commencement of an action." 19 M.R.S.A. § 273 (Supp.1990).

2. The relevant language states, "[t]he court may order either parent of a minor child to contribute reasonable and just sums as child support payable weekly, monthly or quarterly." 19 M.R.S.A. § 214(9) (Supp.1990).

3. Section 272 provides, in pertinent part:
 If paternity has been determined or has been acknowledged according to the laws of this State, the liabilities of the father may be enforced in the same or other proceedings by the mother, child or the public authority which has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, necessary support or funeral expenses, and by other persons including private agencies to the extent that they have furnished the reasonable expenses of pregnancy, confinement, education, necessary support or funeral expenses.
 19 M.R.S.A. § 272 (Supp.1990).

from asserting her rights under section 273 [4] as a consequence of failing to make a demand for support at an earlier date. We disagree. Waiver is the "voluntary and knowing relinquishment of a right," *Roberts v. Maine Bonding & Cas. Co.*, 404 A.2d 238, 241 (Me.1979), and "may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon." *Roberts v. Frank L. McKinney, Inc.*, 485 A.2d 647, 651 (Me. 1984). Brennick offered no evidence on the content of McDonald's knowledge concerning her rights. Mere delay in the bringing of an action until near the end of a limitations period does not support a reasonable inference that the party has voluntarily and knowingly relinquished the right to act.

■ Unlike the subjective considerations that are the focal point of a waiver analysis, "estoppel ... is concerned with essentially objective factors [and] flows from the actual consequences produced by the conduct of A upon B regardless of whether A subjectively intended the consequences, and which resulted because, objectively evaluated, B has justifiably relied upon A's conduct." *Pino v. Maplewood Packing Co.*, 375 A.2d 534, 538–39 (Me.1977). To successfully invoke the doctrine of estoppel, Brennick must demonstrate that he would not have brought his paternity action but for his detrimental reliance upon specific conduct by McDonald. *Townsend v. Appel*, 446 A.2d 1132, 1133–34 (Me.1982). This he failed to do.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** "All complainants may commence an action at any time prior to the child's 18th birthday." 19 M.R.S.A. § 273 (Supp.1990); *see* P.L.1985, ch. 652, § 5.