1998 ME 123

# DEPARTMENT OF HUMAN SERVICES

v.

## Richard BELL.

Supreme Judicial Court of Maine.

Submitted on Briefs May 6, 1998.
Decided May 28, 1998.

Andrew Ketterer, Attorney General, E. Mary Friedman, Asst. Atty Gen., Augusta, for plaintiff.

Edward Rabasco, Jr., Gosselin, Dubord & Rabasco, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Richard Bell appeals from the judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) affirming the judgment of the District Court (Lewiston, *Beliveau, J.*) finding him responsible for

child support in the amount of $21,405. Bell contends that the affirmative defenses of waiver, laches, and estoppel preclude collection of the support arrearage, or in the alternative, that he is entitled to a total retroactive deviation from the support obligation. We disagree and affirm the judgment.

[¶ 2] Doryce Voisine gave birth to a son on May 4, 1977, and applied for public assistance immediately. She informed the Department of Human Services at the time that either Bell or another man was the father of the boy, but identified the other man as the more likely candidate.[1] The Department's sporadic efforts to establish paternity eventually led to the other man acquiescing to a blood test in 1992 that determined there was no possibility he was the child's father.

[¶ 3] The Department served Bell with a notice of paternity proceeding on March 16, 1994, shortly before the child's seventeenth birthday, and Bell acknowledged he was the boy's father when a blood test established a probability of paternity of 99.92%. Bell agreed to pay child support in accordance with the child support guidelines from the time he was served with the notice of paternity proceeding, but objected to paying support for any period prior to his receipt of the notice.[2]

[¶ 4] After a hearing, the District Court found Bell had been prejudiced by the Department's failure to seek child support for almost seventeen years and held the Department's action for past support was precluded by application of Bell's affirmative defenses of waiver, estoppel, and laches. The court ordered Bell to pay support based on the child support guidelines for the period begin-

ning on the date he received the notice of paternity until the child's eighteenth birthday. On appeal by the Department, the Superior Court (*Alexander, J.*) concluded the defenses of estoppel, waiver, and laches did not apply to the facts of the case, remanded the case to the District Court for a determination of the arrearage, and ordered the support to continue until the child reached the age of nineteen.

[¶ 5] On remand, the Department established Bell's total arrearage based on an application of the child support guidelines for the six years preceding his notice of the paternity proceeding. Bell stipulated to the amount owed pursuant to the guidelines, but argued that he was entitled to a deviation from the guidelines pursuant to 19-A M.R.S.A. § 2007(3)(Q),[3] which allows for deviation from the support guidelines upon a "finding by the court ... that the application of the support guidelines would be unjust, inappropriate or not in the child's best interest." Bell reasoned that the Department's delay in seeking child support constituted circumstances that would make collection unjust. The District Court denied Bell's request for a deviation, the Superior Court (*Delahanty, J.*) affirmed the judgment, and this appeal followed.

[¶ 6] Bell first argues that because the Department and Voisine had knowledge of their right to bring a paternity proceeding against him for a number of years and failed to do so, they effectively waived their right to act. "Waiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose

---

1. As a condition of receiving public assistance, a single mother must provide the identity of the child's father to the Department, which is then authorized to pursue the identified individual to establish paternity and collect financial support for the child. *See* 42 U.S.C. §§ 651–669b (1994); 19-A M.R.S.A. §§ 2151–2453 (1998). This integrated program between federal and state authorities was crafted "[f]or the purpose[s] of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, [and] obtaining child and spousal support...." 42 U.S.C. § 651.

2. The Department sought to recover past support based on the child support guidelines for the six years preceding the service of the notice of paternity proceeding pursuant to 19-A M.R.S.A. §§ 1603 and 1606 (1998) (former 19 M.R.S.A. §§ 519 and 522). An action to determine paternity and establish past and future child support obligations may be commenced any time prior to the child's eighteenth birthday. 19-A M.R.S.A. § 1554 (former 19 M.R.S.A. § 273).

3. Former 19 M.R.S.A. § 317(3)(Q).

not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon." *Department of Human Servs. v. Brennick*, 597 A.2d 933, 935 (Me.1991) (quotations omitted). "Mere delay in the bringing of an action until near the end of a limitations period does not support a reasonable inference that the party has voluntarily and knowingly relinquished the right to act." *Id.* The Department, despite its prolonged failure to bring an action against Bell, made ongoing, if sporadic, attempts to identify the child's father since at least 1984. Such a "course of conduct," although not directed at Bell, effectively counters Bell's contention that the Department had relinquished its right to act.[4]

[¶ 7] Bell next argues that the doctrine of laches should defeat the Department's collection action.

Laches is negligence or omission seasonably to assert a right. It exists when the omission to assert the right has continued for an unreasonable and unexplained lapse of time, and under circumstances where the delay has been prejudicial to an adverse party, and where it would be inequitable to enforce the right.

*Fisco v. Dep't of Human Servs.*, 659 A.2d 274, 275 (Me.1995) (quoting *Leathers v. Stewart*, 108 Me. 96, 101, 79 A. 16, 18 (1911)). Assuming laches may be available to defeat a claim for a child support arrearage brought within the limitations period for paternity actions,[5] Bell has failed to prove the elements required for its applicability in this case. The Department provided a reasonable explanation for its delay in serving Bell with notice of the paternity action, and Bell did not demonstrate that the commencement of the action late in the limitations period caused him prejudice. Indeed, had the Department brought the action earlier, Bell's total obligation would have exceeded that which he owes in the present circumstances.

[¶ 8] Bell also argues that the Department should be equitably estopped from enforcing its statutory right to collect past support, claiming that he justifiably relied on the Department's inaction to his detriment. Equitable estoppel requires misrepresentations, including misleading statements, conduct, or silence, that induce detrimental reliance. *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 17 n. 6, 693 A.2d 330, 335–36. Bell concedes he had no contact with the Department until he was served with notice of the paternity proceeding, and that he did not rely on any express statement or affirmative conduct by the Department. Rather, his equitable estoppel claim is based on his "reliance" on the Department's silence for almost seventeen years. "Equitable estoppel based on a [party's] silence will only be applied when it is shown by 'clear and satisfactory' proof that the [party] was silent when he had a duty to speak." *Littlefield v. Adler*, 676 A.2d 940, 942 (Me.1996) (citing *Milliken v. Buswell*, 313 A.2d 111, 119 (Me.1973)). *See also Howard v. Brown*, 161 Me. 52, 57, 206 A.2d 854, 856 (1965) ("One may be bound by his conduct and, where there is a duty to speak, by his silence."). Bell, however, fails to articulate any affirmative duty on the part of the Department to notify him of his obligation prior to the end of the eighteen-year limitation period, and the defense of equitable estoppel is therefore not applicable given the facts of this case.

[¶ 9] The Legislature devised a comprehensive scheme for identifying fathers and making them responsible for the support of their children, undoubtedly a valid and important public policy. The strategy included a tradeoff: paternity could be established any time prior to the child's eighteenth birthday, but the responsible parent would owe only for the six years prior to the commencement of the action. 19–A M.R.S.A. § 1554 (1998). We will not allow such a carefully

---

4. Voisine's conduct during the period is not controlling. The Department has an independent right of action to bring child support collection proceedings in cases where the custodial parent is receiving public assistance. 19–A M.R.S.A. §§ 2102, 2369 (1998) (former 19 M.R.S.A. §§ 448, 512).

5. *Cf. Jack v. Dep't of Human Servs.*, 556 A.2d 1093, 1095 (Me.1989) (suggesting the defense of laches is not available in actions to establish a money debt).

crafted policy to be defeated by the invocation of equitable defenses in circumstances where the Department has not affirmatively misled the father to believe he would bear no responsibility.

[¶ 10] Finally, Bell argues that even if he is not afforded the protection of an equitable defense, he is entitled to a total retroactive deviation from his child support obligation pursuant to 19–A M.R.S.A. § 2007 (1998).[6] Section 2007 permits a court to deviate from the presumptive parental support obligation derived from the child support guidelines when certain conditions exist. Among other criteria, a court is permitted to grant a deviation when it finds "that the application of the support guidelines would be unjust, inappropriate or not in the child's best interest." 19–A M.R.S.A. § 2007(3)(Q). Bell's argument for a deviation is based on the identical assertion raised by his equitable defenses, namely, the Department's delay in bringing its action makes it inequitable to now hold him responsible. Contrary to Bell's argument, any inequity in this case is not the result of the application of the guidelines, but rather derives from the statutory scheme that allows the Department to recover six years of past due support. Because such inequity is not included within the catch-all provision of section 2007(3)(Q), the court properly denied Bell's requested total deviation from the guidelines.

The entry is:

Judgment affirmed.

