STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. RE-99-104

                                                  REC · · ym - 7/17/2000

CARL B. PIANKA,                    )
                                   )
              Plaintiff,           )
                                   )
v.                                 )
                                   )      ORDER ON DEFENDANTS' MOTION
BRUCE D. WASHBURN,                 )      FOR PARTIAL SUMMARY JUDGMENT
BRUCE H. DOUGHTY, and              )
WASHBURN & DOUGHTY                 )
ASSOCIATES, INC.,                  )
                                   )
              Defendants.          )


FACTUAL BACKGROUND

       Plaintiff Carl Pianka ("Pianka"), Bruce Doughty ("Doughty") and Bruce

Washburn ("Washburn") each own 1/3 of the stock of Corporate Defendant

Washburn & Doughty Associates, Inc. ("Corporation"). Defendants' Statement of

Material Facts ("DSMF") ¶7. The Corporation, which conducts a shipbuilding

business, rents property owned by Pianka, Doughty and Washburn for its place of

business. Id. at ¶¶8-9.

       The parties executed a lease agreement, which ran from November 1, 1992 -

October 31, 1997. The agreement provided that the Corporation would pay an

annual base rent of $265,000 in monthly installments. Plaintiff's Statement of

Material Facts ("PSMF") ¶2. The base rent was to increase yearly by 5%. Id. Pianka,

who was also Treasurer of the Corporation, paid the rent. DSMF ¶15. The checks

were payable to Plaintiff, Washburn & Doughty and deposited into a joint account.

DSMF ¶22. Three checks were written out of that account, one to each owner. Id. During the first year of the lease (11/1/92-10/31/93), the Corporation paid the full $265,000. PSMF ¶3. The next year, the Corporation paid $278,250, an increase from the year before of 5% as provided in the lease agreement. Id. at ¶4. In years three through five, the Corporation paid the same base rent as in year two, $278,250. Id. at ¶5. The Corporation paid rent until December of 1998.

In May of 1998, Plaintiff announced his intention to retire from active participation in the Corporation. In Count I, Plaintiff alleges that because he owned one-third of the property, he was entitled to one-third of the rental income as provided in the lease. Specifically, he alleges that the failure of the corporation to pay the owners the extra 5% per year resulted in a deficiency of $86,292.

Plaintiff demands damages in the form of his one-third share of the rent deficiency for the last three years the agreement was in effect, plus 12% on each monthly installment that was not paid in full when due, plus costs and attorneys' fees pursuant to the Agreement. PSMF ¶6. Plaintiff moved for summary judgment on Count I, arguing that the terms of the integrated contract show that he should prevail on that count.

DISCUSSION

Defendants contend that the Plaintiff's Motion for Summary Judgment is premature. However, the Complaint was filed on October 15, 1999 and Plaintiff's Motion was filed on March 20, 2000. The relevant rule, M.R. Civ. P. 56(a) provides

2

that a claimant may move for summary judgment when 20 days from the time of commencing the action have expired. Defendants have not submitted affidavits to the effect that they cannot properly defend the motion, as required by Rule 56(f). As such, the argument regarding prematurity is without merit. <u>Maguire v. Municipality of Old Orchard Beach</u>, 783 F.Supp. 1475, 1489 (D. Me. 1992), <u>citing</u> <u>Taylor v. Gallagher</u>, 737 F.2d 134, 137 (1st Cir. 1984) (refusal to stay discovery proper where opposing party did not show how additional discovery would yield helpful facts).

## Partnership

Defendants argue that Plaintiff, along with the two individual defendants, formed a partnership in their role as landlords of the property, and thus are subjet to the statutes governing partnerships. <u>See</u> 31 M.R.S.A. §298(8)[1]. Whether a partnership exists is "an inference of law based on established facts." <u>See</u> <u>Lupien v. Malsbenden</u>, 477 A.2d 746, 748 (Me. 1984). It is possible for parties to intend no partnership and yet to form one by implication. <u>Id</u>. The fact that Doughty, Washburn and the plaintiff own the property as joint tenants and reaped profits from that ownership is not conclusive as to the existence of a partnership. <u>See</u> 31 M.R.S.A. §287(2)[2].

---

[1] Defendants argue that §298(8) would prohibit Plaintiff from overriding their (majority) desire to refrain from enforcing the provisions of the lease.

[2] Section 287 provides:

In determining whether a partnership exists, the following rules shall apply:
. . .

3

In their attempt to prove a partnership, Defendants attempt to establish more than just the co-ownership of the property. Their assertions regarding the Corporation's paying the note on which the individuals were co-makers and its paying the real estate taxes and the insurance premiums on the premises were not included in their statement of material facts, and therefore will not be considered. See Decker v. New England Public Warehouse, Inc., 2000 ME 76, ¶6, 749 A.2d 762, 765. They also emphasize that rent was deposited into one account, from which a check was written to each of the owners. Substantively, that evidence standing alone is still insufficient to establish the existence of a partnership. Compare Hofer v. St. Clair, 381 S.E.2d 736, 379 (S.C. 1989) (finding sufficient evidence of a partnership where two people owned property as joint tenants, one referred to the other as "partner," and they issued a business card with both names on it); with Barton v. Barton, 996 P.2d 1, 3-4 (Wyo. 2000) (holding that husband and wife co-owners of property were not "partners," rental income was deposited into joint checking account, both persons contributed equally to down payments of property, no written agreement; did not treat venture as partnership for income tax or accounting purposes).

**Intent of the Parties**

Defendants also argue that summary judgment should not be granted because the contract as written does not reflect the parties' intent. They allege that the price

---

2. **Sharing of profits.** Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

4

of the rent did not represent the fair rental value, and rather was a scheme through which the three owners could be compensated for their work at the Corporation in a tax-favorable manner.

The contract has a standard integration clause. See Handy Boat Svc., Inc. v. Professional Svcs., Inc., 1998 ME 134, ¶3, 711 A.2d 1306, 1309 (finding contract integrated and unambiguous, relying in part on integration clause to make that determination). Before the parties' intent can be considered outside the written provisions of the contract, it must be found to be ambiguous. See id. The defendants do not point to facts showing the contract's ambiguity, nor do they cite support for their argument that the contract's integration clause is ineffective.

## Equitable Estoppel

Defendants also argue that Plaintiff must be equitably estopped from attempting to enforce the contract, because of his own participation in both paying insufficient rent as Treasurer and accepting insufficient rent as landlord. Equitable estoppel "requires misrepresentations, including misleading statements, conduct, or silence, that *induce detrimental reliance.*" Department of Human Svcs. v. Bell, 1998 ME 123, ¶8, 711 A.2d 1292, 1295. Phrased another way, the doctrine of equitable estoppel requires that "a party (1) who is guilty of a misrepresentation of existing fact, including concealment, (2) upon which the other party *justifiably relies*, (3) to his *injury*, is estopped from denying his utterances or acts to the detriment of the other party." Sturtevant v. Town of Winthrop, 1999 ME 84, ¶19, 732 A.2d 264, 269.

In this case, Defendants allege that it was the Plaintiff's responsibility to assure

5

that all accounts, including rent, were paid, that "Plaintiff never suggested to the Defendants of any rent increases in years 3, 4 or 5 of the Lease," and that Plaintiff did not notify the Defendants that he made only partial rental payments for the final three years of the lease. DSMF ¶¶15-17. Silence is only a basis for equitable estoppel when "it is shown by 'clear and satisfactory proof' that that party was silent when he had a duty to speak." Bell, 1998 ME 123, 711 A.2d at 1295. Defendants' allegations are insufficient to show that Plaintiff should be equitably estopped from enforcing the terms of the lease. It was easily apparent to Defendants (as reflected in their third of the rental income) that Plaintiff was not paying the yearly 5% increase. Furthermore, they do not allege, much less prove, that they relied on Plaintiff's actions to their detriment.

**Waiver**

Defendants finally argue that Plaintiff, by signing the checks with the lower rent and accepting the payment of the lower rent for years, waived his right to enforce the terms of the lease. "Waiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon." Bell, 1998 ME 123, ¶6, 711 A.2d at 1294-95. Even if this argument were tenable, Paragraph 16 of the lease agreement forecloses it. Paragraph 16 provides

> the waiver by LESSORS of any breach of any term, covenant or condition therein contained shall not be deemed to be a waiver of such terms, covenant or condition on any subsequent beach of the same, or any other terms, covenant or condition herein contained.

6

The subsequent acceptance of rent hereunder by LESSORS shall not be deemed to be a waiver of any preceding breach by LESSEE of any term, covenant or condition of this Lease, other than the failure of LESSEE to pay the particular rent so accepted.

St. Hilaire & Assocs., Inc. v. Harbor Corp., 607 A.2d 905, 906 (Me. 1992) (courts are required to enforce the contract agreed to by the parties).

The entry is

Plaintiff's Motion for Summary Judgment on Count I of Plaintiff's Complaint is GRANTED.

Dated: July 5, 2000

Robert E. Crowley
Justice, Superior Court

: Date Filed __10-15-99__ _____ __CUMBERLAND__ _____ Docket No. __RE 99-104__

County

Action _____ __REAL ESTATE - CONTRACT__ _____

CARL B. PIANKA

BRUCE D. WASHBURN
BRUCE H. DOUGHTY  and
WASHBURN & DOUGHTY ASSOCIATES, INC.

vs.

| Plaintiff's Attorney | Defendant's Attorney          443-3434 |
|---|---|
| CHRISTOPHER C. TAINTOR ESQ 774-7000 | J. MICHAEL CONLEY ESQ. (Washburn & Doughty |
| PAUL DRISCOL, ESQ | PO BOX 182, BATH 04530                    Ass |
| PO BOX 4600, PORTLAND ME 04112 | |
| | KEITH JACQUES ESQ. (WASHBURN/DOUGHTY) |
| | SARAH KENT ESQ          282-1527 |
| | PO BOX 1179, SACO ME 04072 |

DONALD L. GARRRECHT
LAW LIBRARY

JUL 18 2000

| Date of Entry | |
|---|---|
| **1999** | |
| Oct. 18 | Received 10-15-99:<br>Complaint Summary Sheet filed.<br>Complaint filed. |
| " " | |
| | |
| Dec. 16 | Received 12.16.99:<br>Plaintiff's Amended Complaint filed. |
| | |
| March 21 | Received 03/20/00:<br>Second Amended Complaint filed. |
| "" "" | Plaintiff's Motion for Summary Judgment on Count I of the Second Amended Amended Complaint filed. |
| "" "" | Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment on Count I of the Second Amended Complaint filed. |
| "" "" | Affidavit of Carl B. Pianka with exhibit A filed. |
| "" "" | Request for a Hearing on Motion for Summary Judgment filed. |
| | |
| Mar. 22 | Received 3-22-00.<br>Notice and Acknowledgement for Service by Mail with Acknowledgement of Receipt of Summons and Complaint with attachment filed showing service on 3-9-00 upon Bruce D. Washburn to Keith Jacques, Esq. |
| "" | Notice and Acknowledgement for Service by Mail with Acknowledgement of Receipt of Summons and complaint with attachment filed showing service on 3-9-00 upon Bruce H. Doughty to Keith Jacques, Esq. |
| "" | Notice and Acknowledgement for Service by Mail with Acknowledgment of Receipt of Summons and Complaint with attachment filed showing service on 3-9-00 upon Washburn & Doughty Assoc. Inc. to J. Michael Conley, Esq. |
| | |
| March 23 | Received 03/23/00:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's request for production of documents propounded to Defendants Bruce WAshburn, Bruce Doughty and Washburn & Doughty Assoc., Inc served on J. Michael Conley, and Keith Jacques, Esqs. on 03/22/00. |