ENTERED AUG 2 9 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-590

RAC-CUM-08-13-14

MARY ELLEN VALENTINE,

STATE OF MAINE
Cumberland, ss. Clerk's Office

Plaintiff

AUG 1 3 2014

**RECEIVED**

v.

ORDER ON MOTION TO
DISMISS

CHRISTMAS TREE SHOPS, INC.,

Defendant

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(5) brought by Defendant Christmas Tree Shops, Inc. (Christmas Tree). Christmas Tree is moving to dismiss Plaintiff Mary Ellen Valentine's claims because Christmas Tree was not timely served with the Complaint. Ms. Valentine has opposed Christmas Tree's Motion. In addition, Christmas Tree raised the issue that the court had required that Ms. Valentine obtain counsel by December 1, 2013, or inform the court that she would be representing herself. Ms. Valentine was given extensions lasting until January 15, 2014 to obtain counsel. Ms. Valentine has not obtained counsel or stated that she would be representing herself in this matter. A hearing was held on the Defendant's Motion on July 11, 2014. Counsel for the Plaintiff appeared and the Defendant did not appear. At the hearing, the court announced that it would be dismissing this action.

On November 16, 2010, Ms. Valentine filed her tort Complaint against Christmas Tree. Christmas Tree was not served with the Complaint until February 24, 2011, 100 days later. The return of service was subsequently filed on March 1, 2011. Rule 3 requires that when an action is commenced by filing a complaint with the court, "the return of service shall be filed with the court within 90 days after the filing of the complaint." M.R. Civ. P. 3. In addition, Rule 3

1

provides that "If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice . . . ." The Plaintiff never moved for an enlargement of time to file the return of service pursuant to Rule 6(b). The Defendant noted as affirmative defenses in its Answer that the Plaintiff's Complaint was barred because of "the failure to file timely return of service" and because of "insufficiency of process and by insufficiency of service of process." (Def.'s Ans. ¶¶ 10-11.)

Ms. Valentine has argued that Christmas Tree has waived its objection to the untimely filing of the return of service, since Christmas Tree waited nearly two years to file its Motion to Dismiss based upon the service defect. "'Waiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon.'" *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 16, 964 A.2d 630 (quoting *Dep't of Human Servs. v. Bell,* 1998 ME 123, ¶ 6, 711 A.2d 1292). In addition, Ms. Valentine has argued that she might have moved to commence a new action pursuant to 14 M.R.S. § 855, if Christmas Tree had filed its Motion in a more timely fashion.[1] Ms. Valentine avers that she gave the summons and Complaint to the Cumberland County Sheriff on February 11, 2011 (prior to the February 14, 2011 deadline) and that the Sheriff did not effectuate service until February 24, 2011.

---

[1] 14 M.R.S.A. § 855 provides:

> When a summons fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or the action is otherwise defeated for any matter of form, or by the death of either party the plaintiff may commence a new action on the same demand within 6 months after determination of the original action; and if he dies and the cause of action survives, his executor or administrator may commence such new action within said 6 months.

2

The Law Court has held that "'[e]xcessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect.'" *Jackson v. Borkowski*, 627 A.2d 1010, 1012 (Me. 1993) (quoting *Fries v. Carpenter*, 567 A.2d 437, 439 (Me.1989). Proof of timely service is required to assure the court "that the defendant has adequate notice and will not be prejudiced by having to defend a stale claim." *Id.* Simply because there is a flaw in the service of process does not mean that there is prejudice that necessitates dismissal. *Id.* at 1012-1013. In *Jackson*, the Law Court decided that plaintiffs who effected service 92 days after the complaint was filed, and who filed the return of service an additional 47 days later, had not created an excessive and unreasonable delay. *Id.* at 1013. The court determined that based on both the plaintiffs' good faith effort to comply with Rule 3 and the defendant's failure to show prejudice, that the court committed an abuse of discretion by dismissing the plaintiff's complaint based upon lack of compliance with Rule 3. *Id.*

The court sees parallels between *Jackson* and this matter. The Plaintiff served the Defendant 100 days after the Complaint was filed. The return of service was filed five days later. The Defendant has not demonstrated that it was prejudiced by the Plaintiff filing the return of service 15 days late. The late return of service did not excessively or unreasonably delay this case. The Defendant waited to file its Motion to Dismiss until February 8, 2013.

At the same time, however, the failure to comply with M.R. Civ. P. 3 is not the only problem with the Plaintiff's action. Bearing in mind the significant health problems that Ms. Valentine faces, this court has given Ms. Valentine extensions to either obtain counsel or decide to represent herself. No counsel has entered an appearance for Ms. Valentine, and she has not alerted the court that she intends to represent herself. Attorney Spencer Ervin, a family friend of the Plaintiff's who has been assisting the Plaintiff, communicated to the court by letter dated July

3

9, 2014 that Ms. Valentine "has been unable to obtain counsel. I have attempted to assist Ms. Valentine in obtaining counsel, but to no avail up to this point. In no respect is she capable of representing herself in this matter." Attorney Ervin also stated that Ms. Valentine's physical disabilities would "prevent her appearing in court without substantial special accommodation." In his letter, Mr. Ervin indicated that he would be available by telephone on the hearing date, if the court requested.

In the September 18, 2013 Order, the court warned the Plaintiff that her "case may be dismissed with or without prejudice if new counsel has not entered his/her appearance by December 1, 2013, or the Plaintiff has not represented to the Court by December 1, 2013 that she will be representing herself." This case has been pending since November of 2010. The court has made every attempt to accommodate the needs of the Plaintiff, but in light of the Plaintiff's failure to follow the court's Order this case must be dismissed.

Accordingly, the court **ORDERS** that the Plaintiff's case is dismissed with prejudice.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: August 13, 2014

Hon. Roland A. Cole
Justice, Superior Court

Plaintiff Mary E Valentine Pro Se
Defendant James Hunt, Esq.