MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2016 ME 98
Docket:        Oxf-15-463
Submitted
  On Briefs:  April 21, 2016
Decided:     July 7, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

## KATE T. (GOROSHIN) MCCARTHY

v.

## IGOR GOROSHIN

HUMPHREY, J.

[¶1] Igor Goroshin appeals from a judgment of the District Court (South Paris, *L. Walker, J.*) finding him in contempt for violating the 2011 divorce judgment ending his marriage to Kate T. (Goroshin) McCarthy and denying his motion to modify his child support obligation. Goroshin contends that the court erred by (A) finding him in contempt for nonpayment of child support for 2011, (B) finding him in contempt for nonpayment of child support for 2012, (C) finding that he had not fully paid his child support obligations for 2013 and 2014, (D) finding no substantial change in circumstances warranting a modification of his child support obligation, (E) determining that he was obligated to sell the marital home and split the proceeds, and (F) admitting a 2015 letter from an insurance carrier to McCarthy regarding the carrier's attempts to obtain paperwork

2

from Goroshin in order to process McCarthy's 2013 vehicular accident claim. We vacate the judgment as to the court's finding of contempt for nonpayment of child support for 2012, but otherwise affirm.

## I.  BACKGROUND

[¶2]   Goroshin and McCarthy, the parents of two minor children, were divorced by judgment of a Family Law Magistrate (*Carlson, M.*) issued on January 24, 2011.  The court awarded primary residential care of the two children to McCarthy, with Goroshin having rights of contact with the children at all reasonable times; ordered Goroshin to pay McCarthy $182.40 per week in child support, commencing on July 29, 2011; and ordered that the marital home "be listed for sale, in a commercially reasonable manner.  Pending the sale, [Goroshin] will be responsible for the payment of the debt on this property.  When sold, if any profit remains, the parties will share it equally."

[¶3] On June 18, 2014, McCarthy filed a motion for contempt alleging, inter alia, that Goroshin had failed to pay child support as ordered and had failed to list the marital property for sale.  On June 25, 2014, Goroshin filed a motion to modify the divorce judgment seeking to set a new contact schedule and to reduce child support.  On August 4, 2014, Goroshin moved for leave to amend his motion to modify to include an assertion that there had been a substantial change in his financial situation due to, among other things, a change in his employment status

since the divorce judgment. He was granted leave to amend, and McCarthy's contempt motion was heard together with his amended motion to modify on March 5 and June 3, 2015.

[¶4] In an order dated August 19, 2015, the court (*L. Walker, J.*) denied Goroshin's amended motion to modify the divorce judgment and granted McCarthy's motion for contempt, in part. Relevant to this appeal, regarding the amended motion to modify, the court found that there had not been a substantial change in circumstances that would justify a reduction in Goroshin's child support obligation or a modification of parental rights. Goroshin contended that there had been a substantial change in his earning capacity because of "his inability to achieve his earnings forecast as a medical marijuana farmer," but the court concluded that his purported operating expenses were not substantiated and that "[t]he basic arithmetic involved in [his] calculation of revenue per patient . . . militates against a modification of his child support obligation." The court found that "there is a likelihood that within a year or so, [his marijuana] business will generate income that exceeds the amount presently used to calculate child support." Finally, the court found that although Goroshin "declined continued employment with [his previous employer] due to his strict refusal to take opioids to manage pain resulting from orthopedic surgeries . . . no evidence was presented regarding whether and to what extent . . . that pain limits [his] earning capacity."

4

[¶5]   Regarding the motion for contempt, the court found that although McCarthy had signed a quitclaim deed granting any interest she had in the marital property[1] to Goroshin in May 2013, this deed did not nullify the requirement in the divorce judgment that the marital home be sold and the proceeds split.   The court concluded that Goroshin had not "been contemptuous in his failure to list the property for sale," but it ordered him to list the property in a commercially reasonable manner within forty-five days or be found in contempt.

[¶6]   The court did find Goroshin in contempt for nonpayment of child support for 2011 and 2012.   The court also found that he was in arrears for 2013 and 2014 despite his assertions that McCarthy had verbally agreed to accept $500 per month and the fact that he had paid this amount during those years.   However, the court concluded, in light of the parties' alleged agreement to reduce Goroshin's child support obligation, that Goroshin had not "willfully violate[d]" the child support order; it therefore did not find him in contempt for failing to pay the full amount of child support for 2013 and 2014.   Goroshin timely appealed to us.

---

[1]   Goroshin purchased the home during the marriage; even though the title was in his name only, the court determined that the home was marital property.

## II. DISCUSSION

A.    Child Support for 2011

[¶7]  Goroshin contends that the court erred by finding that he was in arrears for child support for 2011 and by finding him in contempt because McCarthy waived her right to receive child support and because the parties cohabited during that year.  The court found that Goroshin's "explanation[] regarding his 2011 . . . arrearage[] [is] not persuasive" but did not specify which of Goroshin's various arguments it considered and rejected.[2]  However, because Goroshin did not move for additional findings of fact and conclusions of law, we assume that the trial court made all findings necessary to support its judgment, if those findings are supported by the record.  *See Finucan v. Williams*, 2013 ME 75, ¶ 16, 73 A.3d 1056.

[¶8]   The court did not err by implicitly determining that McCarthy did not waive the 2011 obligation.  "Waiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the

---

[2]  The court's judgment found that Goroshin owed child support but did not, on its face, order Goroshin to make payments or make specific findings regarding the amount owed.  In other words, McCarthy would still have to bring an action to collect child support if Goroshin continues to not pay the arrears.  Although the court was not required to order any specific form of relief, it would have been a better practice for the court to have found the specific amount owed and to have ordered that Goroshin meet his obligations by a certain date, as the court did with its order concerning the sale of the marital home.

6

right in question will not be insisted upon." *Dep't of Human Servs. v. Bell*, 1998 ME 123, ¶ 6, 711 A.2d 1292 (quotation marks omitted). When the trial court determines that there is no waiver, we review any factual findings for clear error and review de novo whether the facts are sufficient to constitute waiver. *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 15, 964 A.2d 630.

[¶9] McCarthy's December 2014 statement to the Department of Health and Human Services, which was before the court, indicates her understanding that Goroshin continued to owe her child support for 2011. In addition, any delay on McCarthy's part in seeking to collect the 2011 arrearage did not constitute waiver. We have previously stated, albeit in the context of actions brought by the Department, that even a multi-year delay is not sufficient to constitute waiver if a party eventually seeks to collect on the obligation and did not indicate that he or she is voluntarily and knowingly waiving the right to support. *See id.* ¶ 16; *see also Bell*, 1998 ME 123, ¶ 6, 711 A.2d 1292 ("Mere delay in the bringing of an action . . . does not support a reasonable inference that the party has voluntarily and knowingly relinquished the right to act." (quotation marks omitted)). Furthermore, the court did not err by determining that the parties' cohabitation in 2011 did not release Goroshin from his obligation to pay child support, in light of the fact that the only specific evidence that Goroshin paid various family expenses was his own testimony.

[¶10]  The court also did not err by finding Goroshin in contempt despite his asserted belief that he was not obligated to pay child support for 2011.  "A civil contempt proceeding is a coercive, and therefore remedial, action brought to benefit another party. The contemnor allegedly violated a court order directed toward securing the rights of another party.  The contempt proceeding is brought to coerce compliance and to obtain for the other party the benefits of the court order." *Wells v. State*, 474 A.2d 846, 850 (Me. 1984).  In a civil contempt proceeding addressing an alleged failure to pay support for a period of time, the court must determine, by clear and convincing evidence, whether a party did or did not comply with a court order to pay support and, if the party did not comply, whether he or she had the *ability* to comply.  *See* M.R. Civ. P. 66(d)(2)(D).

[¶11]  We review factual findings forming the basis of a court's decision regarding contempt for clear error and review the ultimate judgment of contempt for an abuse of discretion.  *Lewin v. Skehan*, 2012 ME 31, ¶ 18, 39 A.3d 58.  A factual finding "is clearly erroneous when there is no competent evidence in the record to support it."  *Id.*  Here, Goroshin does not dispute that there was a court order in place that required him to pay child support for the latter half of 2011, that he did not pay child support for that period, and that he had the ability to do so.  He contends, though, that even if McCarthy did not "waive" her right to receive child

8

support, he reasonably believed that he was not obligated to pay child support for 2011.

[¶12]   The person alleged to be in contempt has a "right to be heard in defense and mitigation."  M.R. Civ. P. 66(d)(2)(D).  However, given that the court did not find Goroshin's explanation for his failure to pay the support ordered persuasive, the court did not abuse its discretion by finding Goroshin in contempt.

B.    Child Support for 2012

[¶13]  Goroshin also contends that the court erred by finding that he had not fully paid child support for 2012 and that he was in contempt for nonpayment for that year.  The record demonstrates that the parties agreed that Goroshin *had paid* child support for 2012, and no evidence was presented that Goroshin did not pay for that year.  The court erred by finding that he did not pay child support for 2012 and therefore erred by finding him in contempt for that period of time.  For this reason, we vacate the portion of the judgment finding Goroshin in contempt for nonpayment for 2012.

C.    Child Support for 2013 and 2014

[¶14]  Goroshin next contends that the court erred by finding that he owed child support for 2013 and 2014.  He asserts that McCarthy verbally agreed to reduce his child support obligation during this period, and that this agreement was binding on the parties and constituted a waiver on her part.  Given McCarthy's

testimony disputing the existence of a verbal agreement between the parties, the court did not err by finding that the evidence of waiver "was not particularly reliable." And, for the reasons discussed above, *see supra* ¶¶ 8-9, the court did not err by determining that any delay on McCarthy's part in pursuing collection of the arrearage did not constitute a waiver of the child support obligation.

D.    Substantial Change in Circumstances

[¶15]  Goroshin also contends that the court erred by finding that there was no substantial change in circumstances warranting a modification of his child support obligation. We review a finding that there was no substantial change in circumstances for clear error. *Jabar v. Jabar*, 2006 ME 74, ¶ 13, 899 A.2d 796. The trial court's judgment concerning child support is entitled to substantial deference. *Holbrook v. Holbrook*, 2009 ME 80, ¶ 13, 976 A.2d 990. The court reasonably determined, based on the record evidence, that Goroshin's marijuana business could generate increased income in the near future; that his purported overhead expenses were not substantiated; and that, despite medical issues that led him to quit his previous job, he had a generally "unfettered ability to work." For these reasons, the court did not err by finding no substantial change in circumstances warranting a modification of Goroshin's child support obligation.

E.      Sale of Marital Home

[¶16]  Goroshin also asserts that the trial court erred by concluding that he was obligated to sell the marital home and split the proceeds, as directed by the divorce judgment, based on the court's determination that McCarthy's quitclaim deed did "not obviate or alter in any way the requirement set forth by the [j]udgment."   The court's conclusion regarding the effect of the deed on the judgment is a legal determination that we review de novo.  *See Gray v. TD Bank, N.A.*, 2012 ME 83, ¶ 10, 45 A.3d 735.

[¶17]  We have established that when a divorce judgment requires the sale of a marital home, it imposes an *in personam* obligation on the parties, and that this legal obligation is not undone if only one party holds legal title to the property. *See Fitzgerald v. Trueworthy*, 476 A.2d 183, 185-86 (Me. 1984); *see also Estate of Gordan*, 2004 ME 23, ¶¶ 12-15, 842 A.2d 1270.  Goroshin's obligation was not vitiated by McCarthy's transfer to him of any rights she held in the marital property.   The language of the divorce judgment also demonstrates that the obligation is not in any way contingent on who holds title to the marital home.  The judgment merely orders that the "property will be listed for sale [and] [w]hen sold, if any profit remains, the parties will share it equally."  *See Bonner v. Emerson*, 2014 ME 135, ¶ 13, 105 A.3d 1023 (stating that a divorce judgment must be enforced in accordance with the plain meaning of its language).  We conclude that

the court did not err by determining that Goroshin is still obligated to sell the marital home and divide the proceeds pursuant to the terms of the divorce judgment.[3]

F.    Admission of Insurance Letter

[¶18]    Lastly, Goroshin contends that the court erred by admitting a February 26, 2015, letter from an insurance carrier to McCarthy.  At the hearing, McCarthy testified that she signed the quitclaim deed to the marital home because Goroshin threatened to not transfer title to a truck he left in her possession, thereby preventing her from obtaining insurance payments for an accident, if she did not sign.  In support of her contention that she was forced to sign the deed under duress, she proffered the letter, which stated that the insurance carrier had made several attempts to obtain the necessary paperwork on the vehicle from Goroshin before finally receiving it on April 11, 2013.  Goroshin objected on the ground that the letter was hearsay, but the court allowed McCarthy to introduce the letter for the nonhearsay purpose of showing what McCarthy believed at the time she signed the quitclaim deed.

---

[3]  Goroshin challenges the court's statement that if he "really thought that part of the [j]udgment was obviated by the conveyance of [McCarthy]'s interest in [the marital home] to him, he would have brought the issue forward in any number of his motions to modify."  Contrary to his contention, Goroshin could have moved under Maine Rule of Civil Procedure 60(b) for relief from the terms of the divorce judgment regarding the marital home if he believed that this portion of the judgment had been satisfied or released based on McCarthy's assignment of her interest in the property.  *See Wardwell v. Wardwell*, 458 A.2d 750, 752-53 (Me. 1983).

12

[¶19] We review a ruling on the admissibility of evidence for clear error or an abuse of discretion. *See Bard v. Lord*, 2010 ME 48, ¶ 8, 997 A.2d 101. However, whether or not the court erred, we conclude that any error was harmless because the court's judgment regarding the marital home did not in fact rely on a finding that McCarthy signed the quitclaim deed under duress. *See In re Scott S.*, 2001 ME 114, ¶¶ 24-25, 775 A.2d 1144.

G.   Conclusion

[¶20]  In summary, we vacate and remand the portion of the judgment finding Goroshin in contempt for nonpayment of child support for 2012 but otherwise affirm the judgment.

The entry is:

> Judgment on Goroshin's amended motion to modify is affirmed. That portion of the judgment on McCarthy's motion for contempt finding Goroshin in contempt for nonpayment of child support for 2012 is vacated. The judgment on McCarthy's motion for contempt is affirmed in all other respects.

**On the briefs:**

Elliott L. Epstein, Esq., Owen Pickus, D.O., Esq. & Associates, Kennebunk, for appellant Igor Goroshin

Sarah L. Glynn, Esq., Oxford Hills Law, South Paris, for appellee Kate T. (Goroshin) McCarthy

South Paris District Court docket number FM-2010-177
FOR CLERK REFERENCE ONLY