MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 130
Docket:       Fra-15-506
Submitted
  On Briefs:  June 22, 2016
Decided:      August 16, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## KYLE DIETRICH

v.

## HILARY A. DIETRICH

JABAR, J.

[¶1]  Kyle Dietrich appeals from a judgment of the District Court (Farmington, *Oram, J.*) adopting, over his objection, the final order of a Family Law Magistrate (*Woodman, M.*) that granted Hilary Dietrich's motion to modify child support,[1] and dismissing with prejudice Kyle's objection to the magistrate's orders denying his motions for reconsideration and for further findings of fact and conclusions of law.  Because Kyle did not timely object to the magistrate's orders concerning child support, reconsideration, and further findings and conclusions, we dismiss his appeal.  *See* M.R. Civ. P. 118(b).

---

[1]  A family law magistrate may enter a final order "in a contested proceeding when child support is the only contested issue."  4 M.R.S. § 183(1)(D)(4) (2014).  Although 4 M.R.S. § 183(1)(D) was recently amended, *see* P.L. 2015, ch. 296, §§ C-1, D-1 (effective July 1, 2016), the amendment is not relevant here.  In this opinion, we refer to the statute that was in effect at the time of the judgment at issue.

# I. BACKGROUND

[¶2]  In 2011, Kyle and Hilary were divorced by an uncontested judgment of the District Court (*Stanfill, J.*) that granted the parties shared parental rights and responsibilities of their three minor children and did not order either party to pay child support.  Following the parties' cross-motions to modify, the court (*Carlson, J.*) entered an amended judgment ordering Kyle to pay Hilary child support of $177 per week, beginning on June 23, 2012.  When Hilary again moved to modify child support in 2014, the matter was assigned to a magistrate (*Woodman, M.*), who held a hearing and entered an amended judgment and a final child support order on June 30, 2015.  That child support order directed Kyle to pay Hilary child support of $305 per week beginning retroactively on October 3, 2014, and continuing until the parties' oldest child is no longer entitled to support, at which time the payments will be reduced to $264 per week.

[¶3]  On July 14, 2015, Kyle filed separate motions for reconsideration of the amended judgment and for further findings of fact and conclusions of law (collectively, Kyle's post-judgment motions); he also moved for additional time to file an appeal, citing the pendency of the post-judgment motions.  The magistrate denied Kyle's post-judgment motions and the motion for an

extension by orders entered on August 4, 2015. On August 12, 2015, Kyle filed in the District Court an objection to the magistrate's order amending the judgment and her orders denying his post-judgment motions pursuant to M.R. Civ. P. 118(a). On September 23, 2015, the court (*Oram, J.*) entered an order adopting the magistrate's amended judgment and denying Kyle's objection to the judgment as untimely filed. Kyle filed a notice of appeal on October 13, 2015.

## II. DISCUSSION

[¶4] The dispositive issue presented by this appeal is whether the District Court erred by concluding that Kyle's objection to the magistrate's orders was not timely filed. Our review is governed by M.R. Civ. P. 118 and other rules of court, which we interpret de novo, looking to the plain language of the rules to determine their meaning. *See Town of Poland v. T & M. Mortg. Solutions, Inc.*, 2010 ME 2, ¶ 6, 987 A.2d 524.

[¶5] Rule 118 reads as follows:

**RULE 118.  FINAL ORDERS OF FAMILY LAW MAGISTRATES; JUDICIAL REVIEW**

 **(a)  Objection and Review.**  Any party who wishes to appeal a Family Law Magistrate's final judgment or order shall file an objection in the District Court within 21 days of the entry of the magistrate's final judgment or order. If no objection is filed, the parties are deemed to have waived their right to object and to

appeal, and the magistrate's final judgment or order shall become the judgment of the court and have the same effect as any final judgment signed by a District Court judge.

(1) The objection must specifically state the grounds alleged for rejecting or modifying the judgment or order. If a party fails to comply with these requirements, the objection may be dismissed with prejudice. An objection shall not be dismissed solely because it is erroneously captioned as a "motion," "appeal," "notice of appeal" or some other form of pleading.

(2) When an objection is filed, a judge shall review the record established before the magistrate with or without a hearing and may adopt, modify or reject the order, set the matter for further hearing before a judge or magistrate or recommit the matter to the magistrate with instructions.

(3) A magistrate's final order addressing parental rights and responsibilities, residency, and support of minor children or the separate support or personal liberty of a person is effective when signed and remains in effect until modified or rejected by a judge.

(4) Every written final order of a magistrate shall state the parties' right to object to the magistrate's final order and the consequences if the parties fail to object.

**(b) Appeals.** An appeal from a judgment entered after objection to a final judgment or order of a magistrate shall be taken in accordance with the Maine Rules of Appellate Procedure. No appeal may be taken from a final judgment or order of a magistrate as to which no timely objection was filed pursuant to subdivision (a).

**(c) Waiver of Rights.** The parties may waive their right to object and request immediate confirmation of a magistrate's final order. They may also waive their rights to appeal.

[¶6]  In *Sylvester v. Vitagliano*, 2002 ME 141, ¶ 8, 804 A.2d 391, we discussed the authority conferred by Rule 118(a)(2)'s predecessor, M.R. Fam. Div. III(G)(2)(b) (West 2000), which contained language substantially similar to M.R. Civ. P. 118(a)(2), and explained that the rule "gives the District Court a wide range of options, everything from rejecting the CMO's[2] order entirely and beginning again with a new hearing to reviewing the order for abuse of discretion."  Pursuant to Rule 118(a)(2), when a party objects to a magistrate's final judgment or order, the District Court is authorized to hold hearings and make additional findings, or to review the judgment or order and the existing record in an appellate capacity.  The filing of an objection to a magistrate's final judgment or order in the District Court thus establishes the potential for that court's exercise of its authority.

[¶7]  In order to preserve his right to appeal to us, Kyle was required to timely invoke the authority of the District Court by objecting to the magistrate's amended judgment and child support order within twenty-one days after their entry on June 30, 2015.  *See* M.R. Civ. P. 118(a)-(b).  Kyle's objection, filed on August 12, 2015, fell well outside of the twenty-one-day window allowed by Rule 118(a).  Kyle maintains, however, that he did not

---

2  In 2005, the Family Division of the District Court ceased to employ case management officers and began employing family law magistrates in their stead.  *See* P.L. 2005, ch. 384, § 1 (effective Sept. 17, 2005) (codified at 4 M.R.S. § 183 (2005)).

6

waive his right to appeal by waiting too long to object. He argues that, by timely filing his post-judgment motions,[3] he tolled the running of the time for filing an objection until the magistrate denied his post-judgment motions on August 4, 2015, rendering timely his objection filed on August 12, 2015.

[¶8] Maine Rule of Appellate Procedure 2(b)(3) expressly terminates the running of the time for filing an appeal from a civil judgment upon the timely filing of certain motions, including a motion for reconsideration pursuant to M.R. Civ. P. 59(e), and a motion for further findings of fact pursuant to M.R. Civ. P. 52(b). In stark contrast to M.R. App. P. 2(b)(3), M.R. Civ. P. 118(a) contains no provision terminating the running of the time for filing an objection to a magistrate's final order or judgment upon the timely filing of a motion for reconsideration pursuant to M.R. Civ. P. 59(e), or for further findings of fact pursuant to M.R. Civ. P. 52(b). In fact, the Family Division Rules neither expressly authorize a magistrate to act on a motion for reconsideration or for additional findings and conclusions, nor toll the applicable timeframes upon the filing of such motions. *See* M.R. Civ. P. 100-125.

---

3 Kyle's motions for reconsideration, filed pursuant to M.R. Civ. P. 59(e), and for additional findings and conclusions, filed pursuant to M.R. Civ. P. 52(b), were filed on July 14, 2015, within the time prescribed by Rules 52 and 59—i.e., no later than fourteen days after the amended judgment and final child support order were entered on June 30, 2015. *See* M.R. Civ. P. 52(b), 59(e).

[¶9]  Because Kyle's post-judgment motions could not have tolled the time for filing an objection in the District Court if the magistrate did not have authority to entertain the motions, we consider whether a magistrate has authority to act on motions made pursuant to M.R. Civ. P. 52(b) and 59(e) after a magistrate's final order or judgment and before the District Court acts on any objection to the magistrate's order filed pursuant to M.R. Civ. P. 118(a). We address this issue in the context of the purpose of the Family Division Rules "to provide a system of justice that is responsive to the needs of families and the support of their children."  M.R. Civ. P. 100.

[¶10]  Except as otherwise specified in the Family Division Rules, the other Rules of Civil Procedure apply to family matters governed by the Family Division Rules.  *Id.*  The question here is how Maine Rules of Civil Procedure 52(b) and 59(e) apply to a final judgment or order of a magistrate, and specifically whether motions made pursuant to those rules may be entertained by a magistrate, or whether such motions may be ruled upon only by the District Court following an objection to the magistrate's final order or judgment.  For two reasons, we conclude that motions filed pursuant to Rule 52(b) and Rule 59(e) are not available to parties seeking relief from the final order or judgment of a magistrate.

[¶11]   First, proceedings before magistrates differ from other proceedings in the District Court in that magistrates are judicial officers of limited jurisdiction, 4 M.R.S. § 183(1)(D) (2015), whose "primary objective" is "to promptly address the family's situation to assure that the children's needs are being met," *Jensen v. Jensen*, 2015 ME 105, ¶ 13, 121 A.3d 809 (emphasis omitted) (quotation marks omitted).  A construction of Rules 52(b) and 59(e) allowing post-judgment relief to be granted both by a magistrate, before the filing of an objection pursuant to M.R. Civ. P. 118, and by the District Court, after the filing of an objection, would substantially increase the time to final resolution in family matters, thwarting the purpose that magistrates serve.

[¶12]  Second, and more importantly, Rule 118(a) already provides a procedure for a party to seek relief from a final order or judgment of a magistrate—by filing of an objection to it in the District Court.  This procedure offers an affected party a full opportunity to challenge a magistrate's final judgment or order by giving the District Court the discretion to review the judgment or order in an appellate capacity, or to conduct a further hearing and engage in additional fact-finding.  To augment the remedy provided in Rule 118(a) by permitting a magistrate to act on motions pursuant to M.R. Civ. P. 52(b) and 59(e) after entry of the magistrate's final judgment or order

would place duplicative demands on limited judicial resources and greatly delay the entry of a final, appealable judgment. *See Ringuette v. Ringuette*, 594 A.2d 1076, 1077 n.1 (Me. 1991) (recognizing that the filing of a timely motion pursuant to M.R. Civ. P. 59 suspends the finality of the judgment at issue); *Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 633 (Me. 1969) (stating that a judgment is deprived of its finality upon the timely filing of a motion pursuant to M.R. Civ. P. 52(b)).

[¶13]   For the foregoing reasons, we conclude that a Family Law Magistrate is not authorized to entertain post-judgment motions pursuant to M.R. Civ. P. 52(b)[4] and 59(e). Because Kyle's post-judgment motions were not authorized, they did not toll the time for filing an objection. We therefore agree with the District Court's conclusion that Kyle's objection was untimely filed. *See* M.R. Civ. P. 118(a). Thus, we dismiss the appeal to us and do not reach the substantive issues that Kyle raises in his brief. *See* M.R. Civ. P. 118(b) ("No appeal may be taken from a final judgment or order of a magistrate as to which no timely objection was filed . . . .").

The entry is:

Appeal dismissed.

---

[4] Although we have previously suggested in dicta that a Rule 52(b) motion might have been available to a party seeking relief from a magistrate's final order, *see Wong v. Hawk*, 2012 ME 125, ¶ 18, 55 A.3d 425, this appeal is the first instance in which we have been asked to rule on the issue.

**On the briefs:**

Brian D. Condon, Esq., Law Office of Brian D. Condon, Winthrop, for appellant Kyle Dietrich

Hilary Dietrich, appellee pro se

Farmington District Court docket number FM-2010-89
FOR CLERK REFERENCE ONLY