MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 21
Docket:      Cum-16-55
Submitted
  On Briefs:  November 29, 2016
Decided:     January 26, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

JANICE W. DUNWOODY

v.

STEVEN M. DUNWOODY

SAUFLEY, C.J.

[¶1] Steven M. Dunwoody appeals from a judgment of the District Court (Portland, *Powers, J.*) adopting the decision of the Family Law Magistrate (*Najarian, M.*) over Steven's objection. The magistrate granted Steven's request to modify child support but denied his request for a declaration that he did not owe any past due support. Steven argues on appeal that the magistrate should have determined that he had prevailed on at least one equitable defense to any attempt to collect child support arrearages. We affirm the judgment.

## I. BACKGROUND

[¶2]  Steven M. Dunwoody and Janice W. Dunwoody were divorced by a judgment dated November 13, 2001.  Steven, who receives disability benefits,[1] was ordered to pay child support pursuant to three orders covering different periods of time, apparently due to anticipated changes in the parties' incomes.

[¶3]  Steven has never directly paid child support, but the children received dependent benefits based on Steven's disability.  At some times, the dependent benefits paid to the children exceeded the amount of child support ordered by the court, and at other times there was a deficiency.  During the period when Steven's support obligation exceeded the disability benefits, the cumulative deficiency was $21,978.  Both parties assumed that because the children were receiving dependent disability benefits, Steven did not have to make any child support payments himself.

[¶4]  Sometime before February 19, 2014, Janice applied for child support enforcement services from the Department of Health and Human Services, and the Department issued a notice of debt.  On June 24, 2014, Steven filed a motion in the District Court seeking a modification of his child support obligation and a declaration that he did not owe any arrearages.  *See*

---

[1]  In 1999, Steven was injured in a skiing accident, leaving him paralyzed from the chest down.

M.R. Civ. P. 120(a). He argued that he was entitled to a credit against any past due child support for the period during which the dependent disability benefits exceeded his monthly child support obligation. Steven alleged that during this period, the dependent disability payments exceeded his obligation by a total of $33,000. In the alternative, Steven argued that the equitable defenses of laches, waiver, and equitable estoppel precluded Janice from collecting any past due child support.

[¶5] The magistrate issued an order on December 22, 2015, granting Steven's motion to modify child support, but denying his request for a declaration that he did not owe past support. The magistrate concluded that (1) the child support statutes precluded crediting the excess of the dependent disability benefits over his support obligation against his past due support and (2) the undisputed facts did not generate any equitable defenses. The order established that Steven owed $21,978 in past due child support.

[¶6] Steven filed a timely objection to the magistrate's final judgment on January 8, 2016. *See* M.R. Civ. P. 118(a). The District Court entered an order adopting the magistrate's judgment on February 2, 2016. Steven timely appealed. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3); M.R. Civ. P. 118(b).

## II. DISCUSSION

[¶7]  "When the District Court adopts the magistrate's order, we review the magistrate's order directly."  *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 14, 964 A.2d 630.  Neither party disputes the magistrate's factual findings regarding the amount of the deficiency.  Steven contends only that the magistrate erred in failing to find that the defenses of laches, waiver, and equitable estoppel applied to Janice's attempt to enforce the established child support arrearage.

A.    Establishment of Arrearage

[¶8]  The child support statute provides that when a court orders support for a child who receives dependent disability payments, (1) the dependent payments must be credited against the child support obligation but (2) any excess cannot be credited against past or future child support obligations.  19-A M.R.S. § 2107 (2016).

[¶9]  The statute codifies a policy that in each month during which support is ordered, the child will receive the greater of the dependent disability payment or the amount of support ordered by the court.  In other words, when an "excess" exists, the Legislature has determined that the child,

not the obligor parent, will receive the benefit. There was no error in the court's determination that a child support arrearage existed.

B. Equitable Defenses

1. Laches

[¶10] After the parties had filed their briefs, we explicitly announced that laches does not apply to the collection of child support arrearages. *Brochu v. McLeod*, 2016 ME 146, ¶ 15, 148 A.3d 1220. The magistrate did not err in concluding that laches did not prevent the collection of Steven's child support arrearages.

2. Waiver

[¶11] "Waiver is the voluntary and knowing relinquishment of a right and may be shown by a course of conduct signifying a purpose not to stand on a right, and leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon." *McCarthy v. Goroshin*, 2016 ME 98, ¶ 8, 143 A.3d 138 (quotation marks omitted). "When the trial court determines that there is no waiver, we review any factual findings for clear error and review de novo whether the facts are sufficient to constitute waiver." *Id.*

[¶12] In the matter before us, the only relevant finding is that both parties assumed that Steven did not have to make support payments directly

because the children received dependent disability benefits. The parties' shared misunderstanding does not demonstrate that Janice voluntarily and knowingly relinquished the right to collect child support, and the magistrate did not err in concluding that there was no waiver.

### 3. Equitable Estoppel

[¶13] "Equitable estoppel precludes a party from asserting rights which might perhaps have otherwise existed[] . . . against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right." *Pelletier*, 2009 ME 11, ¶ 17, 964 A.2d 630 (quotation marks omitted). "Equitable estoppel requires a misrepresentation. A misrepresentation need not consist solely of an affirmative statement; it may arise through a combination of misleading statements, conduct, or silence." *Id.* ¶ 18 (citation omitted). "We review a judgment on a defense of equitable estoppel for clear error as to factual findings and for abuse of discretion as to the application of principles of equity to those facts." *Id.* ¶ 15.

[¶14] The undisputed facts do not include any kind of misrepresentation by Janice—even by silence. Nor was there any finding that Steven detrimentally relied on any representation that he did not owe child

support. Thus, the magistrate did not abuse her discretion in determining that Janice was not equitably estopped from collecting Steven's child support debt.

## III. CONCLUSION

[¶15] There was no error in the magistrate's determination that Steven owed a child support arrearage of $21,978, nor in her determination that there was no legal or equitable theory that would be a defense to Janice's attempt to collect on that debt. Although this result may seem harsh considering Steven's disability and limited earning potential, we note that the court can take his circumstances into account if and when it is called upon to determine how to enforce Janice's collection of the arrearage.

The entry is:

Judgment affirmed.

---

Timothy E. Robbins, Esq., South Portland, for appellant Steven M. Dunwoody

Susan Schultz McEvoy, Esq., for appellee Janice W. Dunwoody

Portland District Court docket number FM-2000-75
For Clerk Reference Only