MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 194
Docket:        And-17-89
Submitted
  On Briefs:  July 19, 2017
Decided:       September 14, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM

ANTHONY KLINE

v.

JESSICA (KLINE) BURDIN

HJELM, J.

[¶1]  Anthony Kline appeals from a judgment of the District Court (Lewiston, *Dow, J.*), adopting the order of a Family Law Magistrate (*Ham-Thompson, M.*) granting Jessica Burdin's motion to modify the child support order included in the parties' divorce judgment.  Because Kline failed to file a timely objection to the magistrate's order as required by M.R. Civ. P. 118, he waived both his right to contest it in District Court and to appeal.  We therefore dismiss the appeal.

## I.  BACKGROUND

[¶2]  Anthony Kline and Jessica Burdin were divorced in May 2014 by a stipulated judgment (*Woodman, M.*), which granted the parties shared parental rights and responsibilities relating to their minor child.  Although

2

Kline's annual income was greater than Burdin's, the court stated in the child support order, which was part of the judgment, that it was ordering a downward deviation because the parties were to provide "substantially equal care to the child in terms of time and financial support." As a result, the court did not order Kline to pay child support. *See* 19-A M.R.S. § 2007(3) (2016).[1]

[¶3] In August 2015, Burdin filed a motion to modify the child support provisions of the divorce judgment based on a substantial change in circumstances. *See* 19-A M.R.S. § 2009(1) (2016). In the motion, Burdin sought an order requiring Kline to pay child support calculated pursuant to the child support guidelines, *see* 19-A M.R.S. § 2006 (2016), based on allegations that Kline had not shared child-related expenses as the divorce judgment contemplated and that she did not receive an expected increase in her employment income. Kline opposed the motion and, after unsuccessful mediation and several continuances granted by the court, a contested hearing was held in July 2016.

[¶4] On October 23, 2016, the magistrate (*Ham-Thompson, M.*) entered an order granting Burdin's motion, requiring Kline to make future child

---

[1] A supplemental child support worksheet included in the divorce judgment shows that Kline's weekly child support obligation calculated pursuant to the guidelines would have been $64. *See* 19-A M.R.S. § 2006(5)(D-1) (2016).

support payments as well as an amount of retroactive child support.[2] On November 8, 2016, Kline filed a "Motion for Clarification and for Reconsideration of Judgment Pursuant to [M.R. Civ. P.] 59." In the motion, Kline asserted that certain of the magistrate's findings were contrary to the evidence presented at the hearing and concluded with the following request for relief:

> To the extent that this [c]ourt would be inclined to correct the errors or problems noted in this judgment, [Kline] moves to amend the judgment accordingly with regard to his need to make up for any lack of his payment for the child's expenses, and the above-described issues that impacted on the [c]ourt's determination thereof. Wherefore, for the foregoing reasons [Kline] prays for clarification and[] moves to amend the judgment with regard to the above-described issues.

Burdin filed an opposition, and the magistrate summarily denied Kline's Rule 59 motion in an order entered on December 2, 2016.

[¶5] On December 22, 2016, Kline filed a notice of appeal. We dismissed the appeal in an order stating that there "is no right of direct appeal from a magistrate's order" and that the "notice of appeal should have been treated as an objection to the magistrate's order" pursuant to M.R. Civ. P. 118(a)(1). As a result, the case was remanded to the District Court.

---

[2] The order also addressed an issue regarding health insurance for the child, as well as the effect of Burdin's other child from a different relationship on the child support calculations. Neither of those determinations is at issue on this appeal.

4

[¶6]  On remand, in a judgment entered on February 8, 2017, the court (*Dow, J.*) treated Kline's appeal as a Rule 118(a) objection to the magistrate's October 2016 order and adopted that order as the court's judgment pursuant to Rule 118(a)(2).  Kline appealed again, this time from the court's adoption of the magistrate's order.

## II.  DISCUSSION

[¶7]  A party must file a timely objection to a magistrate's order as a predicate both to challenging that order in the District Court and to appealing the court's judgment adopting that order.  M.R. Civ. P. 118(a).  The issue presented here is whether Kline properly objected to the magistrate's order granting Burdin's motion to modify child support.  "We review a court's interpretation of the Maine Rules of Civil Procedure de novo and look to the plain language of the rules to determine their meaning."  *Estate of Lake*, 2016 ME 64, ¶ 8, 138 A.3d 483 (quotation marks omitted).

[¶8]  M.R. Civ. P. 118(a) provides,

> Any party who wishes to appeal a Family Law Magistrate's final judgment or order shall file an objection in the District Court within 21 days of the entry of the magistrate's final judgment or order.  If no objection is filed, the parties are deemed to have waived their right to object and to appeal, and the magistrate's final judgment or order shall become the judgment of the court and have the same effect as any final judgment signed by a District Court judge.

Rule 118(b) then provides, in pertinent part, that "[n]o appeal may be taken from a final judgment or order of a magistrate as to which no timely objection was filed pursuant to subdivision (a)."

[¶9]  Neither Kline's Rule 59 motion, filed in November 2016, nor his notice of appeal, filed in December 2016, was sufficient to preserve his right to object to the magistrate's order granting Burdin's motion to modify and to pursue the appeal that is now before us.  We consider these filings in turn.

A.    Kline's Rule 59 Motion

[¶10]  After the magistrate entered the amended child support order on October 23, 2016, Kline filed on November 4, 2016, a motion for clarification and reconsideration pursuant to M.R. Civ. P. 59(e).  In neither its form nor its substance can this filing be viewed as a Rule 118(a) objection, which is a submission that calls upon a District Court judge—not the magistrate—to review the record developed before the magistrate and then to adopt, modify, or reject the magistrate's order; set the matter for hearing before the judge; or remand to the magistrate.  *See* M.R. Civ. P. 118(a)(2).

[¶11]  The form of Kline's filing is a significant indication that it is not an objection, because both the caption and the body of the motion explicitly designate it not as an objection, but as a Rule 59 motion for clarification and

6

reconsideration of the magistrate's order on Burdin's motion to modify. Kline's own characterization of the filing, however, while certainly relevant to the question of whether it qualifies as a Rule 118 objection, is not dispositive because Rule 118(a)(1) allows some leeway in the way a filing is styled. That rule provides that even if a filing that should be presented as an objection is "erroneously captioned" as a motion, it "shall not be dismissed solely" because of the error. M.R. Civ. P. 118(a)(1). Therefore, in addition to considering how Kline chose to title his filing, we consider its substance.

[¶12] In his motion, Kline contended that the magistrate had made factual findings against the weight of evidence or without any evidentiary support. That type of challenge is not inconsistent with a Rule 118(a) objection, which "must specifically state the grounds alleged for rejecting or modifying the judgment or order." M.R. Civ. P. 118(a)(1). The nature of the relief that Kline sought, however, makes it clear that he was addressing his motion to the magistrate and seeking relief directly from her, not from a different judicial officer.

[¶13] As Kline stated both in the title and text of his motion, he requested clarification of and amendments to certain aspects of the order. A "clarification" of factual findings is not an action that could be taken by a

reviewing judge, who can only consider the record as presented to the judicial officer who presided at the underlying hearing. Rather, clarification of *factual findings* can be properly accomplished only by the judicial officer who issued the findings in the first place.[3] *See, e.g.*, *Childs v. Ballou*, 2016 ME 142, ¶ 4, 148 A.3d 291 (noting that the same judge who had presided over a contested hearing and issued the judgment acted on a Rule 59(e) motion by making additional factual findings). We have also held that a Rule 59 motion in particular is to be considered only by the same judge who issued the judgment unless there are "extraordinary circumstances" such as the original judge's "death, resignation, sickness or other disability." *In re C.P.*, 2016 ME 18, ¶¶ 25-27, 132 A.3d 174.

[¶14] Therefore, the way Kline framed his requests for relief demonstrates that the motion was directed to the magistrate. Because a reviewing judge is the only judicial officer who has the authority to act on a

---

[3] This is distinguishable from a situation where a party moves for a clarification of ambiguous provisions of a judgment. When those situations arise, the judge presented with a motion to clarify must determine whether the prior judgment is ambiguous as a matter of law, and, if so, resolve the ambiguity in a way that is consistent with the judgment seen as a whole and consistent with the record developed on the motion. *See Corcoran v. Marie*, 2011 ME 14, ¶ 12, 12 A.3d 71. *Corcoran* demonstrates that the judge who acts on the motion to clarify need not be the same judge who issued the judgment that contains the ambiguity, although, where possible, the best practice is for the same judge to do both. *See id.* ¶¶ 12, 16 n.4. In contrast to the process of interpreting a judicial instrument, clarification of *factual findings* can only be meaningfully accomplished by the judicial officer who heard the evidence, determined the weight to be given to the evidence, and issued findings based on the dynamics of a contested evidentiary hearing.

Rule 118 objection, the substance of Kline's motion forecloses it from being viewed as an objection.

[¶15]  For these reasons, Kline's filing must be regarded as a Rule 59 motion to amend the judgment.  Both the caption and its text are described that way, and the motion requests action by the magistrate, rather than a judge acting in a reviewing capacity, to clarify and amend the judgment. Because Kline's filing did not constitute a Rule 118 objection, and because a Rule 59 motion cannot properly be presented to a magistrate, the motion did not preserve his right to object to the order or to appeal from it.[4]

B.     Kline's Notice of Appeal

[¶16]   Kline filed a notice of appeal in December 2016, within twenty-one days of the magistrate's denial of his Rule 59 motion, but *sixty days* after the magistrate issued the order granting Burdin's motion to modify. We dismissed the appeal in an order stating that, because an appeal cannot be taken directly from a magistrate's order, it should have been treated as a Rule 118 objection.  From this, Kline argues that his notice of appeal *is* a

---

[4] Several months before the magistrate acted on the motion by denying it, we held that "motions filed pursuant to Rule 52(b) and Rule 59(e) are not available to parties seeking relief from the final order or judgment of a magistrate."  *Dietrich v. Dietrich*, 2016 ME 130, ¶ 10, 146 A.3d 423. Therefore, Kline's motion had no legal effect, and it should have been dismissed.

timely objection that preserved his right to appeal. Kline misconstrues the effect of our order dismissing his first appeal.

[¶17] Rule 118(a) requires that an objection to a magistrate's order be filed with the court within twenty-one days of the entry of the order. M.R. Civ. P. 118(a). As we have explained, M.R. App. P. 2(b)(3) tolls the time for filing an appeal from a civil judgment when a Rule 59(e) motion is timely filed. *See Dietrich v. Dietrich*, 2016 ME 130, ¶ 8, 146 A.3d 423. In contrast, the Family Division Rules do not include a provision stating that a pending Rule 59 post-judgment motion tolls the time in which a Rule 118 objection must be filed, because magistrates do not have the authority to act on a Rule 59 motion in the first place. *See id.* ¶ 13; M.R. Civ. P. 100-127. Therefore, because Kline's Rule 59 motion was a nullity, it did not stop the clock associated with the deadline for him to file a Rule 118 objection. Consequently, Kline's December 2016 notice of appeal, which we stated in our order "should have been be treated as an objection," was filed sixty days after the magistrate's order was issued—and therefore was well out of time.[5] Rather than addressing the merits of Kline's objection on remand, the court

---

[5] Kline argues that because, when we dismissed his first attempt at an appeal, we stated that the court should have treated that notice of appeal as an objection, our order signifies that it would be a *timely* objection. We said no such thing in the order, however, and as we explain in this opinion, even the generous treatment of the notice of appeal as an objection did not make it timely.

erred by not dismissing the objection as untimely because, pursuant to Rule 118(a), Kline had waived his right to object.[6]

## III. CONCLUSION

[¶18] Because Kline did not file a timely objection to the magistrate's order granting Burdin's motion to modify child support, he waived his right to challenge that order through both the objection and appellate processes. As a result, when the deadline to file a Rule 118 objection passed, the order became "the judgment of the court and [now has] the same effect as any final judgment signed by a District Court judge." M.R. Civ. P. 118(a). We therefore dismiss his appeal.

The entry is:

Appeal dismissed.

_____

Anthony Kline, appellant pro se

David M. Sanders, Esq., Sanders & Hanstein, P.A., Farmington, for appellee Jessica Burdin

Lewiston District Court docket number FM-2014-230
FOR CLERK REFERENCE ONLY

_____

[6] Had Kline filed a timely objection to the magistrate's order, we would affirm the order on its merits because the magistrate's findings were not clearly erroneous and the child support order was not affected by an abuse of discretion. *See Wong v. Hawk*, 2012 ME 125, ¶¶ 14-15, 55 A.3d 425; *see also Dunwoody v. Dunwoody*, 2017 ME 21, ¶ 7, 155 A.3d 422 (stating, "When the District Court adopts the magistrate's order, we review the magistrate's order directly." (quotation marks omitted)).